PAINTON ELECTRICAL S. S. & CONST. CO. v. ELECTRIC BOAT CO. et al.

(Circuit Court, S. D. New York. December 4, 1903.)

1. PATENTS—INFRINGEMENT—SHIPS' PROPELLERS.
    The Painton patent, No. 509,553, claim 4, for a ship's propeller, construed, and *held* not infringed.

In Equity.

Samuel H. Randall, for plaintiff.
John R. Bennett, for defendants.

WHEELER, District Judge. This suit is brought upon patent No. 509,553, dated November 28, 1893, and granted to Richard B. Painton, for an improvement in ships and propellers. The specification states that:

"The objects of the invention are to provide a vessel with propellers so arranged as to avoid impeding the movements of the vessel by the surge of the propellers, and to locate the latter at such points as to obtain the best results; to provide for conveniently repairing any one of the propellers while at sea and without stopping the vessel; and to provide for a ready stoppage of the propellers so as to overcome their momentum."

It has six claims. The fourth only is alleged to have been infringed, which is:

"The combination with a vessel, a series of transverse shafts arranged therein and extending from its sides, and front and rear shafts carrying propeller wheels, of a rear engine for operating the rear shafts, the front engine for operating the front shafts, an electric motor arranged adjacent to each of the transverse shafts, a dynamo connected therewith, and connections between the front engine and the dynamo, and from the dynamo to the motors, substantially as specified."

Among other things, infringement is denied. The alleged infringing boats are the Holland Submarine Torpedo Boats, of which eight have been built for the government, and are now in use, and some have been built by the British admiralty. Their operation, as described by the witness Painton, is that when the boat is running on the surface a gasolene engine is used to drive the screw propeller, or an electric generator, or both. There is but one propeller in the boat, which is the ordinary screw propeller located at the stern, as any ordinary boat is constructed. The dynamo, driven by the gas

engine, charges storage batteries. When it is desired to run under water the gas engine is disconnected from the propeller shaft, the exhaust stack hauled in, the hatch closed, and the current from the storage battery switched onto an electric motor on the propeller shaft, which propels the ship. There is only one engine, one dymano, and one motor, one propeller shaft, which is not a transverse shaft, and only one screw propeller.

It is obvious that such machinery in a boat does not contain anything like the combination of the fourth claim. The idea of the inventor seems to be that the invention consists mainly in using electricity for power in a submarine boat, and that anything which uses that power in that way for that purpose infringes the patent; but the claim must be taken as it reads, for what it actually covers, and in that view it is not infringed by what is shown in this case to have been done by the defendants. The plaintiff is not shown to be entitled to any relief here.

Bill dismissed.